2008 OK CIV APP 3

**Mike GONZALEZ and Kyla Gonzalez, husband and wife, Plaintiffs/Appellees,**

v.

**CITIZENS SECURITY BANK AND TRUST COMPANY, an Oklahoma lending institution, Defendant/Appellant,**

Barbara Sides, individually and d/b/a Heavenly Designs Custom Homes, Heavenly Designs Custom Homes, Inc., and Heavenly Designs of Oklahoma, Inc.; Spouse of Barbara Sides, if any; Mike Stern Drywall; Cherokee Building Material, Inc.; Timmons Sheet Metal, Inc.; Central Electric Co. of Tulsa, Inc.; Tulsa Fireplace Supply, Co.; Tulsa Energy Control, Inc.; Mill Creek Lumber & Supply Co.; Board of County Commissioners of the County of Washington; Stan Stevens, Treasurer of Washington County; and Occupants of the Premises, Defendants,

**Citizens Security Bank and Trust Company, Plaintiff,**

v.

Heavenly Designs Customs Homes, Inc.; Barbara A. Sides and John Doe, her spouse, if married; Occupants of the Premises; Stan Stevens, Treasurer of Washington County, Oklahoma; Board of County Commissioners of Washing-

ton County, Oklahoma; Mike Stern Drywall; Cherokee Building Material, Inc.; Timmons Sheet Metal, Inc.; Central Electric Co. of Tulsa, Inc.; Tulsa Fireplace Supply, Co.; Tulsa Energy Control, Inc.; Mill Creek Lumber & Supply Co., Defendants.

No. 104,214.

Court of Civil Appeals of Oklahoma, Division No. 3.

Sept. 28, 2007.

Certiorari Denied Dec. 4, 2007.

Kurston Patrick McMurray, Tulsa, OK, for Appellant.

Robert P. Skeith, Kristopher E. Kpepsel, Courtney M. Wolin, Riggs, Abney, Neal, Turpen, Orbison & Lewis, Tulsa, OK, for Appellees.

LARRY JOPLIN, Presiding Judge.

¶1 Appellant Citizens Security Bank and Trust Company, an Oklahoma lending institution (Bank) seeks review of the trial court's order granting summary judgment, by which the trial court adjudicated the priority of the parties' respective liens. In this accelerated review proceeding, Bank complains the trial court erred in holding the purchasers' lien asserted by Appellees Mike Gonzalez and Kyla Gonzalez, husband and wife (Buyers), to be superior to Bank's mortgage. Having reviewed the record, however, the order of the trial court is affirmed.

¶2 On October 10, 2004, Buyers entered into a Real Estate Construction and Purchase Contract with Defendant Heavenly Designs Custom Homes, by and through Defendant Barbara Sides (individually, by name, or collectively, Builders), for the construction of a residence on Lot 10, Legacy Estates Addition, Bartlesville, Oklahoma, and paid Builders $15,000.00 in earnest money. Builders thereafter obtained a construction loan from Bank, secured by both a mortgage and Sides' personal guaranty, and commenced construction of the house in January 2005.

¶3 On November 2, 2005, Bank commenced an action in the trial court against Builders and the subcontractor defendants, alleging Builders' default on the construction loan, and non-payment of the subcontractors. Bank accordingly sought judgment on the note and guaranty, foreclosure of its mortgage, and an adjudication of the superiority of its mortgage over the claims of the defendants.

¶4 On or about November 21, 2005, Buyers filed a Purchaser's Lien to secure repayment of their earnest money. On November

23, 2005, Buyers commenced a separate action in the trial court against Bank, Builders and the subcontractors, alleging Builders' breach of contract, for which Buyers sought damages, foreclosure of their Purchaser's lien, or specific performance. On joint motion of Buyers and Bank, the trial court ordered consolidation of the actions.

¶ 5 Bank filed a motion for summary judgment. To its motion, Bank attached evidentiary materials demonstrating the facts we have recounted. Bank argued that the uncontroverted evidence demonstrated Builders' default on the note and guaranty, and the superiority of its purchase money mortgage claim to the lien claims of Buyers and defendant subcontractors pursuant to 42 O.S. 2001 § 16.

¶ 6 In response, Buyers tendered evidentiary materials unconvertedly demonstrating that, during the negotiation of the construction loan, Bank and Builders consulted and agreed to the amount Buyers should be required to post as earnest money, and that Bank knew Buyers had in fact posted the required $15,000.00 down payment prior to, and at the time of, execution and funding of Builders' construction loan, mortgage and guaranty. Buyers accordingly argued that, because they paid their earnest money prior to Builders' execution of the note and mortgage to Bank, a fact which Bank then knew and relied upon in making the construction loan to Builders, Bank was now estopped to assert superiority of its mortgage over their statutory purchaser's lien, and their lien took priority over Bank's mortgage. 42 O.S.2001 § 30; *Palmer v. Crews Lumber Co., Inc.,* 1973 OK 38, 510 P.2d 269.

¶ 7 Bank responded, again asserting priority of its purchase money mortgage under 42 O.S. § 16. Moreover, said Bank, as an "encumbrancer, in good faith, . . . for value," its mortgage claim enjoyed statutory superiority to any § 30 special lien. 42 O.S.2001 § 28.

¶ 8 On consideration of the parties' submissions and arguments, the trial court granted Bank judgment on the note and foreclosure of its mortgage. The trial court directed sale of the premises, the proceeds of which going, first, to payment of Buyers' special lien, reasonable attorney's fees and costs, and the remainder, to Bank. Bank appeals, and the matter stands submitted on the trial court record.[1]

¶ 9 "Summary judgment is appropriate only where there are no material facts in dispute and the moving party is entitled to judgment as a matter of law." *Wathor v. Mutual Assur. Adm'rs, Inc.,* 2004 OK 2, ¶ 4, 87 P.3d 559, 561. (Citations omitted.) "As this decision involves purely legal determinations, our standard of review of a trial court's grant of summary judgment is de novo." *Id.* "We review all inferences and conclusions to be drawn from underlying facts contained in evidentiary materials in a light most favorable to the party opposing the motion." *Id.* "If the uncontroverted facts support legitimate inferences favoring well-pleaded theory of the party against whom the judgment is sought or if the judgment is contrary to substantive law, the judgment will be reversed." *Id.*

¶ 10 "One who sells real property has a special or vendor's lien thereon, independent of possession, for so much of the price as remains unpaid and unsecured, otherwise than by the personal obligation of the buyer, subject to the rights of purchasers and encumbrancers, in good faith, without notice." 42 O.S.2001 § 26. "One who pays to the owner any part of the price of real property, under an agreement for the sale thereof, has a special [or vendee's] lien upon the property, independent of possession, for such part of the amount paid as he may be entitled to recover back in case of a failure of consideration." 42 O.S. § 30.

¶ 11 "The liens defined in [42 O.S. § 26 and § 30] are valid *against everyone* claiming under the debtor, *except* a purchaser or *encumbrancer in good faith,* and for value." 42 O.S. § 28. (Emphasis added.) So, "[a] mortgage given for the price of real property, at the time of its conveyance, has priority over all other liens created against the purchaser, subject to the operation of the recording laws." 42 O.S. § 16. However,

---

1. See, Rule 13(h), Rules for District Courts, 12 O.S.2001, Ch. 2, App., and Ok.S.Ct.R. 1.36, 12 O.S.2001, Ch. 15, App.

"[o]ther things being equal, different liens upon the same property have priority according to the time of their creation, ..." 42 O.S.2001 § 15.

■ ¶ 12 As a general rule, the vast majority of courts in other states recognize:

.... A subsequent mortgagee of realty takes free of an earlier vendee's lien when the mortgagee lacked notice of the vendee's rights. [However,] [a] subsequent mortgagee's lien is inferior to an earlier vendee's lien where the mortgagee had notice of the vendee's rights before taking the mortgage....

Ludington, "Right of vendee under executory land contract to lien for amount paid on purchase price as against subsequent creditors of or purchasers from vendor," 82 A.L.R.3d 1040, § 2(a) (Law.Coop.1978) (West 2007). Oklahoma follows the general rule. *Palmer*, 1973 OK 38, ¶ 15, 510 P.2d at 272.

¶ 13 In *Palmer*, the buyer contracted with a builder for the construction of a house, and the contract specifically granted buyer a lien for his down payment. 1973 OK 38, ¶ 2, 510 P.2d at 270. The builder obtained a loan, secured by a mortgage, to finance construction of the house, and the mortgagee [2] deeded the property to builder. *Palmer*, 1973 OK 38, ¶¶ 3, 4, 510 P.2d at 270. The builder defaulted, and the mortgagee continued construction, during which the buyer furnished additional funds to pay one or more subcontractors. *Palmer*, 1973 OK 38, ¶ 5, 510 P.2d at 270. When the mortgagee sought to foreclose its mortgage on the property, buyer filed a counter claim asserting superiority of his vendee's lien to the claim of mortgagee, particularly since he had advanced payment of construction bills after builder defaulted and mortgagee took over construction. *Palmer*, 1973 OK 38, ¶¶ 5, 6, 510 P.2d at 270–271. The trial court held for mortgagee.

¶ 14 On appeal, the Supreme Court recognized that "the vendee under an executory contract for the sale and purchase of real property has an equitable lien or estate in the amount paid of the purchase price if the contract fails through no fault of the vendee," and that, pursuant to § 28, "[a] vendee's lien is valid against everyone claiming against the debtor, except a purchaser or encumbrancer in good faith and for value." *Palmer*, 1973 OK 38, ¶¶ 18, 19, 510 P.2d at 273, 274. The Supreme Court also recognized that "[a] vendee's lien for return of the price paid is superior to a subsequent mortgage unless the latter is taken without notice, actual or constructive of the vendee's rights, [even if] the contract of the vendee is unrecorded or recorded subsequent to the mortgage." *Palmer*, 1973 OK 38, ¶ 15, 510 P.2d at 272.

¶ 15 So, said the Supreme Court, when a mortgagee grants a mortgage with actual or constructive notice of a buyer's down payment and attendant vendee's lien, the mortgagee is *not* an "encumbrancer" enjoying the protection of § 28. *Palmer*, 1973 OK 38, ¶¶ 24, 25, 510 P.2d at 273, 274.[3] The Supreme Court concluded:

An inchoate vendee's lien was created ..., when the contract for construction of the house was signed. An incomplete mortgage lien existed [about a month later], when the mortgage was executed. Because of the chronological order in which the liens originated, the vendee's lien of [buyer] in the amount of $3,500.00 is prior and superior to the mortgage lien.

*Palmer*, 1973 OK 38, ¶ 29, 510 P.2d at 274.

¶ 16 Bank sought to distinguish *Palmer* from the instant case. Bank first argued that, in *Palmer*, builder specifically granted buyer a lien for the down payment in the construction contract, but that, in the present case, the contract between Buyer and Builder contained no such express provision granting Buyer a vendee's lien. Bank secondly argued that, in *Palmer*, the mortgagee induced buyer to invest additional sums when mortgagee knew builder would not complete

---

**2.** Together with the owner of the property.

**3.** "Under the case law, and the applicable statutes, it was not necessary that [mortgagee] had actual notice of the lien provision in the contract or that it receive actual notice of the fact of the down payment. The fact that there had been a down payment on the property which created a vendee's lien should have [sic] implicitly understood because of the past dealings [mortgagee] had with [builder].... [N]otice must be imputed to [mortgagee] as there was certainly enough notice, actual and constructive, to excite the inquiry of a reasonably prudent man. Failure to inquire rendered [mortgagee] an encumbrancer with notice."

construction, but that, in the present case, there was no such inducement or investment of additional funds. Third, Bank asserted that, in *Palmer*, the evidence established that bank would not have made the construction loan without a signed purchase contract between buyer and builder, but that, in the present case, the existence of the executed construction and purchase agreement was not the only factor considered in the loan approval process.

¶ 17 However, we do not view these distinctions as material. First, as we read *Palmer*, it is the *fact* of the buyer's down payment that gives rise to the vendee's lien, without regard to any contractual provision to that effect. 1973 OK 38, ¶¶ 18, 19, 510 P.2d at 273, 274. Second, *Palmer* makes clear that a mortgagee, with actual or constructive notice of buyer's previous down payment and attendant vendee's lien, enjoys no priority under § 28. 1973 OK 38, ¶¶ 24, 25, 510 P.2d at 273, 274.

¶ 18 In the present case, the evidence uncontrovertedly demonstrates that Bank granted the mortgage with actual notice of Buyers' down payment. Under that circumstance, Buyers' vendee's lien is superior to Bank's mortgage. We therefore hold the trial court did not err in holding Buyers' claim superior to that of Bank.

¶ 19 The order of the trial court is AFFIRMED.

ADAMS, J., and MITCHELL, V.C.J., concur.